IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RUTH H. SUYAT, | ) | CIV. NO. 06-00476 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| vs. | ) | MOTION FOR PARTIAL SUMMARY |
| | ) | JUDGMENT |
| JOHN E. POTTER, | ) | |
| Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I.      INTRODUCTION.

Plaintiff Ruth H. Suyat, formerly employed as the Postmaster Relief for a post office on Molokai, Hawaii, believed she was signing a contract for permanent employment as a Postal Clerk with the Kaunakakai Post Office on or about February 3, 2005.  Plaintiff carried out her duties as a Postal Clerk for the Kaunakakai Post Office from that date until October 17, 2005.  On October 17, 2005, Cummings Mahoe, the Postmaster for the post office located in Kaunakakai, Molokai, Hawaii, told Suyat that she could no longer work at the Kaunakakai Post Office. Apparently, the Postal Service thought that Suyat had been a temporary postal clerk and had hired Alexander Kalanihuia, a male veteran and one of three candidates for the postal clerk position.

On August 31, 2006, Suyat filed the present Complaint, asserting causes of action for violations of Title VII, breach of contract/wrongful termination, and unpaid wages.

On July 11, 2007, the Government filed a motion to dismiss or, in the alternative, for partial summary judgment on Suyat's Title VII claims. Because Suyat does not satisfy her burden on this motion of demonstrating that the Government's reason for ending her employment or not permanently hiring her was pretextual, partial summary judgment is granted in favor of the Government on Suyat's Title VII claims.

II.      SUMMARY JUDGMENT STANDARD.

Summary judgment shall be granted when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006); Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Accordingly, "[o]nly admissible evidence may be considered in deciding a motion for summary judgment." Miller, 454 F.3d at 988.

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987.  "A fact is material if it could affect the outcome of the suit under the governing substantive law."  Miller, 454 F.3d at 987.

When the moving party bears the burden of proof at trial, the moving party carries its initial burden on a motion for summary judgment when it "'come[s] forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.'"  Id. (quoting C.A.R. Trans. Brokerage Co. v. Darden Rest., 213 F.3d 474, 480 (9th Cir. 2000)).

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

III.    ANALYSIS.

    A.    Summary Judgment Is Granted In Favor of the Government on Suyat's Title VII Claims.

This court grants partial summary judgment in favor of the Government on Suyat's Title VII claims because she fails to establish that the Government's actions were pretextual.[1] The Supreme Court has established a burden-shifting framework applicable to summary judgment motions on claims of discrimination under Title VII. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under this framework, Suyat has the initial burden of showing actions taken by the Government from which one could infer, if such actions remained unexplained, that they were "based on a discriminatory criterion illegal under the Act." Furnco Constr. Corp v. Waters, 438 U.S. 567, 577

---

[1] The Government also argues that Suyat's Title VII claims should be dismissed because she failed to initiate her administrative complaint with the EEOC within forty-five days of the alleged discriminatory acts. This court need not reach that issue because, as the Government admits, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment at 10 (July 11, 2007) .

(1978). This initial burden of demonstrating a prima facie case is not onerous. Sischo-Nownejad v. Merced Cmty. College Dist., 934 F.2d 1104, 1111 (9th Cir. 1991) ("evidence may be either direct or circumstantial, and . . . the amount that must be produced in order to create a prima facie case is very little") (internal citations omitted), abbrogated on other grounds by statute as state in Dominguez-Curry v. Nev. Transp. Dept., 424 F.3d 1027 (9th Cir. 2005). For purposes of this motion, the court assumes that Suyat would satisfy her burden, as Suyat contends that a male was awarded the postal clerk position, causing her to no longer work at the post office. Under McDonnell Douglas, the burden shifts to the Government to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." 411 U.S. at 802. The Government easily satisfies its burden.

Mahoe's declaration establishes legitimate reasons why Suyat was not hired and/or was replaced by Kalanihuia, the male candidate. First, Kalanihuia scored higher on the United States Postal Service entrance examination than Suyat. Declaration of Cummins Mahoe, Jr., III (July 9, 2007) ¶ 17. Kalanihuia also had a hiring preference because he was a veteran. Id. ¶ 18. Mahoe, the Postmaster responsible for hiring, was told that he could fill only one vacant sales clerk position at the Kaunakakai Post Office. Id. ¶ 23. Mahoe understood, pursuant to postal

regulations, that he was required to hire the veteran who was ranked higher on the hiring worksheet unless the veteran failed to meet the suitability requirements of the position. Id. ¶ 19. Because Mahoe did not possess any information indicating that Kalanihuia was unsuitable for the job, Mahoe believed that he was required to hire Kalanihuia for the vacant postal clerk position. Id. ¶¶ 20, 24.

Because the Government has demonstrated legitimate nondiscriminatory reasons for hiring the male veteran rather than Suyat, the burden shifts back to Suyat to show that the Government's stated reasons were pretextual. See McDonnell Douglas, 411 U.S. at 804. Suyat makes no allegations and presents no evidence suggesting that the Government's reasons were pretextual. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002) ("Because Villiarimo has not shown that the reasons Aloha offers for her termination are pretextual, then, her claim for gender-based discrimination in violation of Title VII must fail."). Instead, Suyat concedes that her action is more properly rooted in her claims for breach of contract/wrongful termination than in gender discrimination. See Plaintiff's Opposition to Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Sept. 12, 2007). Because Suyat fails to establish a genuine issue of fact as to whether the Government's reasons for hiring the male veteran were

pretextual, the Government is entitled to summary judgment on Suyat's Title VII claims.

To the extent Suyat may have asserted her claims for gender discrimination under Hawaii law, the Government is entitled to summary judgment on those claims for the same reasons set forth above with respect to the Title VII claims. See Villiarimo, 281 F.3d at 1064 ("Villiarimo also contends that her termination was gender-based discrimination in violation of Hawai`i law.  The analysis of this claim is identical in all relevant respects to the analysis of her Title VII claim: Hawai`i courts use the McDonnell Douglas burden-shifting approach in analyzing these claims." (citing Shoppe v. Gucci Am., Inc., 94 Haw. 368, 14 P.3d 1049, 1059 (2000)).

     B.    Suyat's Breach of Contract/Wrongful Termination and Unpaid Wages Claims Remain for Adjudication.

Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment (July 11, 2007), was limited to Suyat's Title VII claims.  It did not challenge Suyat's breach of contract/wrongful termination and unpaid wages claims.  In its Reply, the Government raised for the first time arguments that it should be granted summary judgment on Suyat's non-Title VII claims. See Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment at 4-6 (Sept. 20, 2007).  Under this court's Local Rules, "[a]ny arguments raised for the first time in the reply

shall be disregarded."  Local Rule 7.4.  Accordingly, this court leaves for further adjudication Suyat's breach of contract/wrongful termination and unpaid wages claims.  The Government may file appropriate motions with respect to these remaining claims.

IV.     CONCLUSION.

For the foregoing reasons, the court grants the Government's motion for partial summary judgment on Suyat's Title VII claims.  Suyat's breach of contract/wrongful termination and unpaid wages claims remain for adjudication.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 27, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Suyat v. Potter, Civ. No. 06-00476 SOM/KSC; ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT